UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| GENE ANDREW FOSHIA, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Nos. | 2:17-CV-119-JRG |
| | ) | 2:15-CV-168-JRG |
| | ) | 2:12-CR-107-JRG-MCLC-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Gene Andrew Foshia ("Petitioner") has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 120]. Petitioner was sentenced in August 26, 2013, to 180 months' imprisonment for his methamphetamine-conspiracy conviction, a violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and for his felon-in-possession-of-a-firearm conviction, a violation of 18 U.S.C. § 922(g) [Doc. 56]. Petitioner brought a prior successful § 2255 motion, No. 2:15-CV-168 [Doc. 77], resulting in his 180-month sentence being vacated [Doc. 100]. The prior motion to vacate relied on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e),[1] was unconstitutionally vague [*Id.*]. On October 6, 2016, the Court resentenced Petitioner to a Guidelines, i.e., non-ACCA, sentence of 115 months' confinement [Doc. 112].

---

[1] Under the ACCA, a defendant, such as Petitioner, convicted of a § 922(g) offense who has three prior convictions for violent felonies or serious controlled substance offenses is subject to a mandatory minimum sentence of 180 months. 18 U.S.C. § 924(e)(1).

Because Petitioner's resentencing led to a new judgment, the instant § 2255 motion is his first challenge to that judgment and not a second or successive motion that, under 28 U.S.C. § 2244(b), requires authorization by the Sixth Circuit. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (where a resentencing leads to a new judgment, a state prisoner's § 2254 petition challenging that new judgment is the first § 2254 application, not a second or successive one); *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (finding that the *Magwood* rule "applies with equal force to § 2255—which provides collateral relief from federal criminal judgments"); *Lang v. United States*, 474 F.3d 348, 351–53 (6th Cir. 2007) (explaining that a § 2255 motion to vacate, which is the first such motion following a resentencing, is not "second or successive" where it advances claims that "originate[d] at resentencing and could not have been challenged at the original sentencing proceeding").

Petitioner bases his present motion on the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), both of which involved sentencing under the ACCA [Doc. 120]. As relevant to Petitioner's claim, *Stitt* held that a Tennessee conviction of aggravated burglary does not constitute a violent felony offense for purposes of the ACCA [Doc. 120].

Petitioner maintains *Mathis* and *Stitt* support his arguments that his aggravated burglary conviction no longer qualifies as a predicate conviction to determine his base offense level under USSG § 2K2.1 and, thus, that this conviction cannot be used to calculate his Guidelines sentence [*Id.* at 1]. Petitioner argues that, absent the aggravated burglary conviction, his base offense level is lower, given that only his prior conviction for burglary of a storage building can be used to determine his base level offense [*Id.* at 3]. Petitioner necessarily is advancing a theory that

2

*Mathis* and *Stitt*'s holdings regarding ACCA sentencing likewise apply to non-ACCA Guidelines sentencing and render the 115-month sentence issued at his resentencing invalid.

For reasons below, the United States will not be required to respond to this motion and it will be dismissed *sua sponte*.

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner's argument that the holdings in *Mathis* and *Stitt* undermine his § 2K2.1 enhancement is foreclosed by the decision in *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (holding that the Guidelines are "not amenable to vagueness challenges"). Because Petitioner's motion to vacate presents no legal grounds to sustain it, he has failed to demonstrate what he must to obtain § 2255 relief. Accordingly, the motion will be dismissed *sua sponte* as without merit.

Finally, under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has made a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To be entitled to a certificate on a claim dismissed on the merits, "[t]he petitioner must demonstrate that reasonable

3

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Id.

Because reasonable jurists could not disagree with the resolution of the claim and could not conclude that it is "adequate to deserve encouragement proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE