UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-00107-1-JRG |
| | ) | |
| GENE ANDREW FOSHIA | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c) [Doc. 118], the United States' Response in Opposition [Doc. 119], and Defendant's Second Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c) [Doc. 137]. For the reasons herein, the Court will deny Defendant's motions.

## I.  BACKGROUND

In 2012, the United States charged Defendant Gene Andrew Foshia in a multi-count indictment, which included a lead charge of conspiring to manufacture five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. [Indictment, Doc. 3, at 1]. Mr. Foshia entered into a plea agreement with the United States, pleading guilty to this charge as well as to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Plea Agreement, Doc. 32, at 1]. In the plea agreement, the factual basis states that he conspired to manufacture at least five grams but less than twenty grams of methamphetamine. [*Id.* at 4]. The Court sentenced Mr. Foshia to a concurrent 180-month term of imprisonment on each charge, and a concurrent five-year term of supervised release on each charge. [J., Doc. 56, at 3–4].

After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), however, the Court vacated Mr. Foshia's sentence, [Order, Doc. 100, at 1], and later resentenced

him to a concurrent 115-month term of imprisonment on each charge, [Am. J., Doc. 112, at 2]. In addition, the Court sentenced him to a five-year term of supervised release on the conspiracy charge under §§ 841(a)(1), (b)(1)(B) and 846, and it sentenced him to a three-year term of supervised release on the gun charge under § 922(g)(1). The Court ordered those two terms of supervised release to run concurrently to each other, for a net five-year term of supervised release. [*Id.* at 3].

Acting pro se, Mr. Foshia now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline ("USSG") § 1B1.10 as amended by amendment 782. Under § 3582(c)(2), he also moves the Court to reduce his term of supervised release. The Court has carefully reviewed Mr. Foshia's motions and is now prepared to rule on them.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements.

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*). For most drug offenses, amendment 782 to the USSG has lowered the base offense level by two levels, and it is retroactively applicable. *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018); *see* USSG Suppl. App. C, Amdt. 782 (reducing "by two levels the offense levels assigned to the [drug] quantities in" the drug-quantity table in USSG § 2D1.1(c)).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* USSG § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010). In doing so, the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the prisoner if amendment 782 had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; USSG § 1B1.10(b)(1).

If a reduction is consistent with USSG § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id.*; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however."

(citing USSG. § 1B1.10 cmt. background)); *see also* USSG § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); USSG § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

First, Mr. Foshia contends that, when the Court resentenced him, he did not receive the two-level reduction in his base offense level under amendment 782. The United States, however, maintains that amendment 782 was in effect during Mr. Foshia's resentencing hearing and that he did receive the benefit of it. [United States' Resp. at 2]. Under the 2015 version of the guidelines, which the Court applied to Mr. Foshia during his resentencing hearing, amendment 782 was indeed in effect. *See United States v. Jackson*, 635 F. App'x 275, 279 (6th Cir. 2015) (observing that amendment 782 "took effect on November 1, 2014").

Under the 2015 guidelines, amendment 782 "reduces by two levels the offense levels assigned to the [drug] quantities in" USSG § 2D1.1(c). USSG Suppl. App. C, Amdt. 782. For a conspiracy to manufacture at least five grams but less than twenty grams of methamphetamine, USSG § 2D1.1(c)(8) yields an amended base offense level of 24, a two-level reduction from Mr. Foshia's original base offense level of 26. *See* [PSR at 7 (on file with the Court ) (using the 2012 guidelines to arrive at a base offense level of 26 for the drug-conspiracy charge)]; *see also Dillon*, 560 U.S. at 827 ("[Section] 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant[.]'" (quoting USSG § 1B1.10(b)(1))). After a two-level enhancement for possession of a dangerous weapon under USSG § 2D1.1(b)(1) and a three-level reduction for acceptance of responsibility, the amended

4

total offense level comes to 23. [Suppl. Addendum, Doc. 101, at 2]. This is the precise total offense level that the Court applied to Mr. Foshia during his resentencing hearing, [Statement of Reasons, Doc. 113, at 1], and he therefore received the benefit of amendment 782's two-level reduction.

Second, Mr. Foshia argues that "his current supervised release is under his original sentence" and moves the Court to "reduce his supervised release to the correct guideline provision." [Def.'s Second Mot. at 4]. He claims that the drug-conspiracy charge should have resulted in a term of "4 to 5 years" of supervised release and that the gun charge should have resulted in a term of "1 to 3 years" of supervised release. [*Id.*]. But the Court ordered a term of supervised release that is exactly in line with the term that Mr. Foshia now requests. *See* [Am. J. at 3 (ordering a five-year term for the drug-conspiracy charge and a three-year term for the gun charge, to run concurrently to each other for a net term of five years)]. Mr. Foshia's argument is therefore baseless, and he is not entitled to a reduction in his sentence.

## IV. CONCLUSION

Mr. Foshia fails to establish that he is eligible for a reduction under § 3582(c)(2). His Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c) [Doc. 118] and Second Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c) [Doc. 137] are therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE